IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIMP McCORVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0377-WS-C |
| ) | |
| CIRCUIT COURT JUDGE JACK ) | |
| WEAVER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Jury Trial (doc. 20).

By rule, "[o]n any issue triable of right by a jury, a party may demand a jury trial by … serving the other parties with a written demand … no later than 14 days after the last pleading directed to the issue is served." Rule 38(b)(1), Fed.R.Civ.P. Neither of the two remaining defendants (Leston Stallworth and Roderick McCorvey, III) has filed an answer to date; therefore, plaintiff's Motion is timely within the meaning of Rule 38(b)(1). *See generally Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995) (explaining that "the plain text of Rule 7(a) defines what constitutes a pleading for purposes of Rule 38," such that answer to complaint may be "last pleading" for purposes of Rule 38 timeliness); *Frederick v. Mediacom Southeast, L.L.C.*, 2005 WL 1950099, *2 (S.D. Ala. Aug. 12, 2005) (opining that where there are multiple defendants and claims are raised against all of them, the Rule 38(b)(1) clock for making a jury demand runs from service of the last defendant's answer). Even if it were not, "[i]n this circuit, the general rule governing belated jury requests … is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (citations omitted). No such strong and compelling reasons appear to exist here.

For the foregoing reasons, plaintiff's Motion for Jury Trial (doc. 20) is **granted**, and this action will be tried before a jury as to any and all matters so triable.

DONE and ORDERED this 18th day of November, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE