IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIMP McCORVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0377-WS-C |
| | ) |
| CIRCUIT COURT JUDGE JACK WEAVER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendant Roderick McCorvey's Motion to Dismiss Plaintiff's Complaint (doc. 13) and on defendant Leston Stallworth's Motion to Dismiss Plaintiff's Complaint (doc. 18). Both Motions have been briefed and are now ripe for disposition.[1]

**I.      Background.**

Plaintiff, Simp McCorvey ("Simp"), proceeding *pro se*, commenced this action by filing a Complaint against Jack B. Weaver, a Circuit Judge in Monroe County, Alabama; plaintiff's brother, Roderick McCorvey ("Roderick"); and the brother's lawyer, Leston C. Stallworth, Jr.[2]

---

[1] For purposes of its Rule 12(b)(6) analysis, the Court accepts as true all well-pleaded factual allegations of the Complaint, and draws all reasonable inferences in the plaintiff's favor. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (in reviewing Rule 12(b)(6) motion, court must "accept[] the facts alleged in the complaint as true," "draw[] all reasonable inferences in the plaintiff's favor," and "limit[] our review to the four corners of the complaint"). Of course, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

[2] By Order (doc. 11) entered on October 21, 2014, this Court granted defendant Jack B. Weaver's motion to dismiss on grounds of judicial immunity and the *Rooker-Feldman* doctrine. Plaintiff's subsequent motion to reconsider was denied by Order (doc. 16) dated November 14, 2014. Thus, defendant Judge Weaver has been dismissed from this case, and only plaintiff's claims against Roderick and Stallworth remain.

As pleaded in the Complaint, this action arises from plaintiff's dissatisfaction with certain events that transpired in underlying state-court litigation. In particular, the well-pleaded factual allegations of the Complaint reflect that Roderick (by and through his attorney, Stallworth) filed suit against Simp in Monroe County Circuit Court back in 2009, with Roderick claiming an interest in certain real property deeded solely in Simp's name (the "Monroe County Lawsuit"). Simp represented himself in the Monroe County Lawsuit. Throughout the pendency of the Monroe County Lawsuit, Simp resided a great distance from Monroe County, Alabama (first in Alaska and later in New Mexico); therefore, Simp sought certain accommodations (*i.e.*, permission to participate in certain hearings telephonically, and reasonable advance notice of any trial setting) to facilitate his involvement in the case.

According to Simp's Complaint, he did not receive written notice of the final jury trial setting in the Monroe County Lawsuit (although he had received notice of trial settings that had subsequently been continued). That said, Simp admits that he called Judge Weaver's office on September 3, 2013 to inquire as to the status of hearings on three pending pretrial motions and particularly to ascertain whether he might be authorized to attend such hearings by telephone. During that September 3 conversation, the Complaint alleges, Judge Weaver's assistant notified Simp that "there was a trial set for 09/11/2013 and that the plaintiff had to request a continuous [*sic*] for a more reasonable date." (Doc. 1, at 3.) Simp alleges that he promptly mailed a request for continuance to the court, but that Judge Weaver went forward with the trial on September 11, 2013 anyway, despite knowledge that Simp could not attend on such short notice. When the trial began, the Complaint alleges, Judge Weaver granted Roderick's motion to dismiss the jury demand and proceeded to conduct a bench trial without Simp's knowledge or consent. At trial, according to the Complaint, Roderick and Stallworth knowingly presented a false claim and false witness statements to support Roderick's claim to an interest in the subject real property. Following the trial, on September 12, 2013, Judge Weaver entered a written order finding that Roderick possessed a one-half interest in the subject real property, and awarding Roderick $5,000 in attorney's fees and $600 in costs. Simp claims not to have received a copy of the September 12 order until October 25, 2013, by which time he says it was too late to appeal. Indeed, the Complaint alleges that after Simp received the September 12 order, he promptly filed an appeal with the Alabama Court of Civil Appeals, which summarily rejected it as untimely.

On the strength of these allegations, Simp demands the following relief in his Complaint: (i) an order rescinding or setting aside Judge Weaver's ruling of September 12, 2013; (ii) an award of $100,000 for the loss of Simp's Oklahoma home "due to the cost of the knowing false complaint;" and (iii) "compensatory damages in the amount of $300,000.00." (Doc. 1, at 5.)

Roderick and Stallworth have now filed virtually identical Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In those Motions, Roderick and Stallworth contend that Simp's claims are barred by straightforward application of the *Rooker-Feldman* doctrine.

## II.     Analysis.

The *Rooker-Feldman* doctrine precludes "lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010) (citations and internal quotation marks omitted); *see also Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) ("The *Rooker-Feldman* doctrine states that federal district courts have no authority to review final judgments of a state court.") (citations omitted); *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009) ("Generally speaking, the *Rooker-Feldman* doctrine bars federal district courts from reviewing state court decisions.").  "This is because appellate authority over final state-court decisions rests with the Supreme Court of the United States." *Carter v. Killingsworth*, 540 Fed.Appx. 912, 914 (11th Cir. Sept. 6, 2013).[3]  Simply put, "[t]he doctrine bars the losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown*, 611 F.3d at 1330 (citation and internal quotation marks omitted).[4]

---

[3]     *See also Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.").

[4]     "We reject, from the outset, the use of § 1983 as a device for collateral review of state court judgments." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).  Insofar as Simp is asking this Court "to fix an erroneous state court judgment," then, his request is something that the undersigned "could not do." *Id.* at 1070 n.3.

The Eleventh Circuit has utilized a four-factor test, concluding that federal jurisdiction is barred under *Rooker-Feldman* principles where: "(1) the party in federal court is the same as the party in state court;" "(2) the prior state court ruling was a final or conclusive judgment on the merits;" "(3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding;" and "(4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." *Nicholson*, 558 F.3d at 1272 (citations omitted).

This case calls for paradigmatic application of the *Rooker-Feldman* doctrine. The Complaint leaves no doubt that Simp is asking this federal district court to act as a *de facto* appellate court, reviewing and reversing Judge Weaver's final ruling in the Monroe County Lawsuit. Indeed, the Complaint specifies that Simp wants this Court to rescind or set aside the state court's September 12, 2013 order, which was entered before this federal action began. This is a textbook example of the sort of federal suit barred by *Rooker-Feldman* principles. *See, e.g., Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (*Rooker-Feldman* "continues to apply with full force to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). In terms of the four-factor test, all such factors are present here. First, the party in federal court (Simp) is obviously identical to that in the Monroe County Lawsuit. Second, the September 12 ruling of Judge Weaver in the state court action is plainly a final or conclusive judgment on the merits. Third, Simp had ample opportunity to raise any federal claims or issues he wanted at any time during the Monroe County Lawsuit's four-year lifespan; indeed, in the Complaint, Simp admits that he successfully filed numerous motions and an appeal in state court, and identifies no impediment to his ability to raise any federal claims in those state court proceedings. Fourth, the issues that Simp presents in this lawsuit (*i.e.*, that Judge Weaver was corrupt, that the September 12 Order was unlawful and should be rescinded, and that Simp is entitled to compensatory damages for the adverse result in the Monroe County Lawsuit) are inextricably intertwined with the state court's judgment. *See Casale*, 558 F.3d at 1260 ("A claim is inextricably intertwined if it would effectively nullify the state court judgment ….") (citation and internal quotation marks omitted).

In determining that the requisite factors for the *Rooker-Feldman* doctrine are present here, the Court has considered and rejected Simp's arguments to the contrary in his briefs. As

for Simp's repeated labeling of the state-court trial as a "secret hearing" that he "was never invited to attend," the Complaint expressly and unambiguously refutes such a notion. By Simp's own admission in his pleading, he was informed on September 3, 2013 that "there was a trial set for 09/11/2013." (Doc. 1, at 3.)  The trial could not have been "secret" given Simp's acknowledgment that he knew about it ahead of time, but apparently failed to follow up with state court officials in a timely manner thereafter to determine if his request for continuance of same had been granted.[5]  Similarly, Simp's contention that he "did not have an opportunity to raise any of his claims at the Alabama state Court level" is frivolous.  (Doc. 19, at 10.)  Simp does not suggest that the state court ever denied him the ability to file any motions, pleadings or other papers that he wished to submit in the Monroe County Lawsuit; to the contrary, his Complaint is rife with examples of just such submissions.  That the state court may have rejected his claims or failed to grant him the relief he requested is analytically distinct from the relevant question of whether Simp was able to raise any claims he wished.  That question is answered in the affirmative, based on Simp's own well-pleaded factual allegations in the Complaint.  Finally, Simp's assertion that his claims in this federal action are not intertwined with the state court's judgment fails on its face; after all, his Complaint is expressly asking that the state-court judgment be rescinded or set aside (and that he be awarded compensatory damages for that judgment) because the state court judge was conspiring against him with the adverse party.  It is difficult to imagine an issue being more intertwined with the state-court judgment than that.

      The bottom line is this:  *Rooker-Feldman* is a narrow doctrine, but this case is precisely the kind of circumstance it was designed to cover.  Simp is an unsuccessful state-court litigant who claims to have been injured by the manner in which the adverse state-court judgment was reached prior to the commencement of these federal proceedings, and who now wants this Court to review and reject that state-court judgment concerning ownership of the subject real property.  The *Rooker-Feldman* doctrine forbids this Court from acting in such an appellate capacity by reviewing state-court judgments rendered before the federal proceedings commenced.

---

[5] Indeed, Simp does not allege that Monroe County court officials ever gave him misleading or false information when he contacted them regarding the status of the case, nor does he suggest that there was any reason he could not have made a simple phone call to the state court after September 11, 2013 to determine whether the previously announced trial had taken place and, if so, whether a final judgment had been entered.

### III. Conclusion.

For all of the foregoing reasons, defendant Roderick McCorvey's Motion to Dismiss (doc. 13) and defendant Leston Stallworth's Motion to Dismiss (doc. 18) are both **granted**. Plaintiff's claims in this action call for a federal court to review and strike down a state-court ruling in underlying proceedings between the parties. Such federal appellate review of state judgments is forbidden by straightforward application of the *Rooker-Feldman* doctrine. Accordingly, plaintiff's claims against both Roderick McCorvey and Leston Stallworth are **dismissed with prejudice**. Because this Order disposes of all remaining claims and issues joined in this action, the Clerk of Court is directed to close this file for administrative and statistical purposes. A separate judgment will be entered.

DONE and ORDERED this 12th day of January, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE